UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| ADAM SCOTT MITCHELL, | ) | |
| | ) | |
| Petitioner | ) | NO. 2:14-CR-113 |
| | ) | NO. 2:16-CV-147 |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | | |
| Respondent. | | |

**MEMORANDUM AND ORDER**

Adam Scott Mitchell, Petitioner, has filed a Motion under 28 U.S.C. § 2255 to vacate his sentence based on allegations of ineffective assistance of counsel along with substantive challenges to his sentence. [Doc. 48]. In his petition, Mitchell identifies two grounds for ineffective assistance of counsel and three grounds that relate to the sentence. In part, Mitchell complains that his second court-appointed attorney failed to file an appeal despite Petitioner's specific request that he do so. That issue was referred to the Magistrate Judge who, after conducting an evidentiary hearing, filed a Report and Recommendation. [Doc. 69]. The Court has adopted the Report and Recommendation in full by separate order entered this date, thereby denying Petitioner's claims pertaining to the issue of appeal. The Court will now address the remaining claims for relief, identified as ground one and grounds three through five.

**I.   STANDARD OF REVIEW**

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

1

authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors constituting "fundamental defect[s] which inherently result[ ] in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348–49 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (*quoting Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir.2013) (*quoting Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (*quoting Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir.1999)).

The Court found that an evidentiary was necessary to address whether Petitioner specifically instructed his counsel to file an appeal. The Court does not find that an evidentiary hearing is necessary to address the remaining claims in Petitioner's motion.

## II. BACKGROUND

On October 15, 2014, the Grand Jury returned a three count indictment, charging Petitioner with the production of child pornography in violation of 18 U.S.C. § 2251(a), possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) and 42 U.S.C. §§ 16911 and 16913. [Doc. 6, *Indictment*]. On January 14, 2015, Petitioner entered a Plea Agreement with the United States, agreeing to plead guilty to production of child pornography in return for the United States dismissing the remaining counts [Doc. 20]. Petitioner admitted that "[b]ecause [he] was previously convicted of an offense under the laws of the Commonwealth of Virginia relating to sexual abuse, abusive sexual contact involving a minor or ward, the punishment for this offense [was] … [a] mandatory minimum term of imprisonment of twenty-five years up to a maximum of fifty years imprisonment…." [Doc. 20, *Plea Agreement,* pg. 1].

The Plea Agreement also contained a direct appeal waiver and a Section 2255 waiver. The Plea Agreement provided as follows:

> 10. a) In consideration of the concessions made by the United States in this agreement and as further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the district court or above any mandatory minimum sentence deemed applicable by the district court, whichever is greater.
>
> b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims

3

of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment or changes in law made retroactive.

[Doc. 20, *Plea Agreement,* pg. 6]. The Court sentenced Petitioner to the mandatory minimum of 25 years, or 300 months. He did not appeal the sentence but did timely file a § 2255 motion on May 31, 2016.

### III. ANALYSIS

In addition to the ineffective assistance claim that was referred to the Magistrate Judge for hearing, Petitioner claims that his first court-appointed attorneys were ineffective because they "failed to file any motions" and "then withdrew from defendant's counsel 11 day [sic] before sentencing" (ground one). Petitioner also raises three sentencing issues, found in grounds three through five. The first is his claim that the Court improperly used the Virginia conviction to enhance his sentence under 18 U.S.C. § 2251(e) (ground three). The second is that the Court improperly calculated Petitioner's criminal history points based on his bad check and petit larceny convictions (ground four). The third is that the Government failed to prove where the crimes were committed, thus failing to prove the Court had jurisdiction over the offense. [Doc. 48, pgs. 7-10].

As an initial matter, it is well settled that criminal defendants may waive any statutory or constitutional right in a plea agreement, so long as the waiver is knowing and voluntary. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Indeed, the Sixth Circuit has specifically held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars [§ 2255] relief." *Watson v. United States*, 165 F.3d 486, 489 (6th Cir.1999); *see also Clark v. United States*, No. 4:02–CR–9, 2006 WL 3511148, at *5 (E.D. Tenn. Dec.1, 2006) (explaining that a "waiver in a plea agreement not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 is an effective means to bar such relief"). The plea agreement at issue in *Watson* specifically stated that "defendant further agrees not to file any motions or pleadings

4

pursuant to 28 U.S.C. § 2255." *Watson*, 165 F.3d at 487. Notwithstanding that provision, Watson filed a § 2255 motion asserting five separate claims; the district court denied the § 2255 motion, and Watson appealed. *Id*. at 487–88. The Sixth Circuit affirmed the denial of the § 2255 motion, explaining that "Watson waived the right to collaterally attack his sentence in his plea agreement." *Id*. at 488. Because of the waiver, it was "unnecessary to address the merits of the five issues raised by this appeal." *Id*.; *accord Davila*, 258 F.3d at 451 (citing *Watson* for the proposition that "a waiver in a plea agreement did not allow the defendant to bring a collateral attack under 2255").

In the instant case, Petitioner waived his right to challenge his sentence pursuant to 28 U.S.C. § 2255 except for ineffective assistance of counsel or prosecutorial misconduct. Therefore, with the exception of his claim of ineffective assistance of counsel, it is clear on the face of his 2255 Motion and the record before the Court that this 2255 Motion should be denied. But in any event, even assuming he had not waived, Petitioner nevertheless is still not entitled to relief.

### A. Ground One – Ineffective assistance of counsel

The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right extends beyond the mere presence of counsel to include "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To establish a claim of ineffective assistance, Petitioner must demonstrate two essential elements: (1) that counsel's performance was deficient, that is, below the standard of competence expected of attorneys in criminal cases; and (2) that counsel's deficient performance prejudiced the defense, i.e. deprived the defendant of a fair criminal proceeding, rendering the outcome of the proceeding unreliable. *Id*. Under *Strickland*, review should be deferential and maintain a strong presumption in favor of finding counsel's conduct within the wide permissible range of reasonable professional assistance. *Id*. at 689.

As noted, Petitioner complains that his first court-appointed attorneys filed no motions on his behalf and then withdrew eleven days prior to sentencing. At his January 17, 2017 evidentiary hearing, Petitioner specified that he wanted his prior attorneys to file: (1) a motion challenging his enhanced mandatory minimum; and (2) a motion to withdraw his guilty plea. [Doc. 71, pg. 18]. Petitioner concedes, however, that he later filed those very same motions *pro se*. [Doc. 71, pg. 17]. Then, after consulting with replacement counsel, Petitioner chose to withdraw those motions. Petitioner cannot fault replacement counsel for that decision, because the status report withdrawing the motions was initialed and signed by Petitioner himself. [Doc. 37].

The Court further notes that, in November 2014, Petitioner's first attorneys filed a motion to continue trial in order "to allow for investigation to be completed to assist in the determination as to whether or not pretrial motions should be filed." [Doc. 13]. Less than one month later, Petitioner wrote to the Court complaining that his attorneys were "continuing my case against my wishes to plead guilty." [Doc. 17]. For all these reasons, Petitioner has failed to show that his first attorneys' performance was deficient, or that he was prejudiced, by their alleged failure to file motions.

Turning to the issue of counsel's withdrawal less than two weeks prior to the scheduled sentencing date, the Court will simply note that it then continued Petitioner's sentencing hearing by two months to allow sufficient time for replacement counsel to get up to speed. Petitioner has again failed to demonstrate how his prior attorneys' performance was deficient in this regard, or how he was prejudiced by the withdrawal of attorneys with whom he had obviously developed a conflict.

**B.     Ground Three – Use of predicate offense to enhance Petitioner's sentence under 18 U.S.C. § 2251(e)**

Petitioner claims that the Court improperly used his predicate conviction to enhance his sentence to 25 years pursuant to 18 U.S.C. § 2251(e). Petitioner pled guilty to producing child

6

pornography in violation of 18 U.S.C. § 2251. Section 2251 makes it a crime for any person to employ or coerce any minor to engage in any sexually explicit conduct for the purpose of producing visual depictions of such conduct. Section 2251(e) provides that where a defendant is convicted of a violation of Section 2251, if that defendant has a prior conviction "under the laws of any State relating to the aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward…such person shall be … imprisoned for not less than 25 years nor more than 50 years…."

Petitioner conceded in his plea agreement that he "was previously convicted of an offense under the laws of the Commonwealth of Virginia relating to sexual abuse, abusive sexual contact involving a minor or ward" and as a consequence, he faced an enhanced sentence under Section 2251(e) of a minimum of 25 years and up to a maximum of 50 years. [Doc. 20, *Plea Agreement,* pg. 1].

It is important to note that the Court provided every opportunity for Petitioner to make his prior conviction an issue. After signing the plea agreement and appearing before the Court to enter his plea, Petitioner filed a letter objecting to the use of the prior Virginia conviction as an enhancement under Section 2251(e). [Doc. 35]. The Court interpreted Petitioner's letter as "expressing a desire to withdraw his plea." [Doc. 36, *Order,* pg. 2]. Given the Court's concern about the effect of Petitioner's letter, the Court required Petitioner and his counsel to file a status report addressing whether Petitioner wanted to withdraw his plea. The Court noted, however, that "[i]f the defendant does not wish to withdraw his plea, his status report shall clearly indicate that he is withdrawing his letter [Doc. 35] to the extent that the letter disputed his predicate conviction." [Doc. 36, *Order*, pg. 2]. In response to the order, Petitioner withdrew, in writing, any objection he had to his prior conviction being used to enhance his sentence under Section 2251(e). [Doc. 37,

7

pg. 1]. He elected to concede the issue and proceed to sentencing on the basis that he faced a minimum mandatory term of imprisonment of 25 years.

"It is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (*quoting Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (*citing United States v. Frady*, 456 U.S. 152, 167–68 (1982))). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (*citing Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner has not shown nor can he show cause to excuse him not raising the claim previously nor can he show actual prejudice or that he is actually innocent.

Petitioner pled guilty to "Taking Indecent Liberties with a minor" in violation of Va. Code 18.2–370. That statute provides as follows:

> Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony:
>
> (1) Expose his or her sexual or genital parts to any child to whom such person is not legally married or propose that any such child expose his or her sexual or genital parts to such person; or
>
> (2) Repealed.
>
> (3) Propose that any such child feel or fondle the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child; or
>
> (4) Propose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2–361; or
>
> (5) Entice, allure, persuade, or invite any such child to enter any vehicle, room, house or other place, for any of the purposes set forth in the preceding subdivisions of this section.

Va. Code § 18.2–370 (2007).[11] In examining this statute, it appears that it would constitute a predicate offense under 18 U.S.C. 2251(e). Other courts which have addressed a similar issue concur. *See United States v. Chan-Vicente*, 612 F. App'x 240, 241 (5th Cir.), *cert. denied sub nom. Triana v. United States*, 136 S. Ct. 377 (2015) (finding that a conviction under Va. Code § 18.2-370(A)(3) was a crime of violence under the Guidelines as it constituted "sexual abuse of a minor"); *United States v. Zavala–Sustaita,* 214 F.3d 601, 604 (5th Cir. 2000) (holding that "sexual abuse of a minor" included a conviction under state law for knowingly exposing one's genitals to a minor for sexual arousal or gratification); *see also Contreras v. Holder*, 754 F.3d 286, 293 (5th Cir. 2014). Therefore, not only has this issue been waived, it is without merit.

### C. Ground Four – Improper use of criminal history points relating to bad checks and petit larceny.

Petitioner claims that the Court improperly counted additional criminal history points that related to his bad check charges and petit larceny. [PSR ¶ 45]. This issue has also been waived. But, even assuming that he is correct, Petitioner does not show how he was prejudiced at all by this. He was sentenced to the statutory mandatory minimum sentence of 25 years. The Court could not have sentenced him to anything less, regardless of how many criminal points he had or what criminal history category he was under the Sentencing Guidelines. Thus, this issue is without merit.

### D. Ground Five – Failure to Prove Jurisdiction

Petitioner also claims the Government failed to prove jurisdiction over this offense. Petitioner stipulated in his Plea Agreement the following:

---

[11] The PSR indicates that Petitioner committed the Indecent Liberties offense on May 18, 2007 and plead guilty to this offense on March 4, 2008. [PSR at ¶ 42]. For that reason, the 2007 version of this Code section is referenced.

9

> On or about June 19, 2014, in the Eastern District of Tennessee, the defendant knowingly took photographs and videos of minors under the age of 18 who were engaged in sexually explicit conduct (including the lewd and lascivious exhibition of the genitals or pubic area of any person) and stored those images on two memory cards installed on his mobile devices. The minor victims included the individual's minor child.

[Doc. 20, *Plea Agreement,* pg. 2]. Petitioner stipulated that he produced child pornography in violation of 18 U.S.C. § 2251 in the Eastern District of Tennessee. This issue is without merit.

## IV. CONCLUSION

The Court finds that Petitioner has failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside or correct the sentence [doc. 48] will be DENIED. This action will be DISMISSED.

The Court now must consider whether to issue a certificate of appealability (COA) should the Petitioner file a notice of appeal, since he may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). Issuance of a COA depends on whether Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will CERTIFY that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will DENY Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability SHALL NOT ISSUE. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

AN APPROPRIATE ORDER WILL ENTER.

    s/ Leon Jordan
    United States District Judge