UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | | |
|---|---|---|---|
| ADAM SCOTT MITCHELL, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:14-CR-113 |
| | ) | | 2:16-CV-147 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

# **O R D E R**

This Court referred this matter to United States Magistrate Judge Clifton L. Corker for an evidentiary hearing on, and consideration of, the following issue: whether Petitioner was entitled to relief based on the allegation in his 28 U.S.C. § 2255 motion that trial counsel failed to perfect an appeal after Petitioner specifically asked him to do so. On January 31, 2017, Magistrate Judge Corker issued a Report and Recommendation in which he recommended that the Court deny the motion as to the issue of appeal, finding that Petitioner did not specifically ask his counsel to file an appeal of the judgment in this case.

District courts are both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). District courts need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira*

*v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

The Court has received and considered the report of the magistrate judge, along with the record, pleadings, and evidentiary hearing transcript. Neither party, through counsel, has filed objections to the Report and Recommendation, and the time for doing so has now passed. The defendant has, however, submitted a *pro se* letter. [Doc. 70]. Although the Petitioner is represented by counsel on this limited issue, the Court will nonetheless out of an abundance of caution address the allegations contained in that letter.

First, Petitioner complains that his evidentiary hearing attorney failed to tell him the date of the hearing, thereby preventing him from securing the presence of two witnesses. However, the hearing transcript shows that Petitioner twice, through counsel, confirmed that he was ready to proceed. [Doc. 71, pgs. 7, 9]. Petitioner was seated beside his attorney and did not dispute his readiness.

Next, Petitioner attempts to explain his claim, made at the evidentiary hearing, that he repeatedly lied to the undersigned when entering his guilty plea. Petitioner contends, in part, that he was "coming off of serious drugs" on the date of his plea hearing and thus "wasn't sure what I'd done." Petitioner was arrested on August 1, 2014, and his change of plea hearing did not take place until almost six months later. Petitioner's claim of suffering serious drug withdrawal on the date of that hearing is incredible. Equally incredible is Petitioner's claim that he only pled guilty (to a federal offense with a mandatory minimum sentence of 25 years) just so he could be transferred to a "better" state jail prior to sentencing. Petitioner simply cannot be, and is not, believed.

2

After a thorough review of the Report and Recommendation [doc. 69], the Court accepts and adopts the Report and its Recommendations in their entirety. To the extent that Petitioner's 28 U.S.C. § 2255 motion claims that his sentencing attorney failed to perfect an appeal after Petitioner specifically requested him to do so, the motion [doc. 48] is **DENIED**.

SO ORDERED:

                                         s/ Leon Jordan
                                         United States District Judge