UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:14-CR-113 |
| | ) | |
| ADAM SCOTT MITCHELL | ) | |

## MEMORANDUM AND ORDER

In January 2015, the defendant pled guilty to knowingly producing child pornography. [Doc. 20]. In June 2015, the Court sentenced him to 300 months' imprisonment. [Doc. 43].

The defendant then filed a timely motion to vacate under 28 U.S.C. § 2255. [Doc. 48]. The Court denied that petition in March of 2017. [Docs. 72-74].

Next, the defendant sought a certificate of appealability from the Sixth Circuit Court of Appeals. [Doc. 75]. The appellate court denied that request and dismissed the defendant's appeal in October 2017. [Doc. 78].

Now before the Court are five *pro se* motions.

1. In June 2017, the defendant filed a "*Pro Se* Motion for Discovery." [Doc. 77]. Therein, the defendant asks for a copy of all "discovery and transcripts of the evidence against me"—which he previously possessed but later "lost"—in order to "help prove my innocense [sic]."

2. In March 2018, the defendant filed a "Motion to Compel Counsel to Provide Needed Documents." [Doc. 79]. Therein, the defendant states that he "needs a copy of his case file including discovery in order to pursue post-conviction motions and collateral attacks."

3.  In July 2018, the defendant filed a "*Pro Se* Motion to File 2244 Habeas Corpus." [Doc. 80].  In response, the Clerk of Court mailed the defendant a 28 U.S.C. § 2244 form motion.  [*Id.*].  Notwithstanding the caption of his filing, the defendant added that he "would also like to demand my sentence be corrected and all charges be dismissed." [*Id.*].

4.  Also in July 2018, the defendant filed a "Motion for Status Report" regarding his March 2018 motion.  [Doc. 81].

5. Lastly, and again in July 2018, the defendant filed a "*Pro Se* Motion for Appointment of Counsel," asking the Court to provide him with an attorney and "a forensic investigator to challange [sic] the evidence against Defendant." [Doc. 82].

"[W]ith respect to criminal defendants seeking copies of their attorney's records after a conviction, 'no statute guides this analysis,' but such requests have been construed 'as requests for discovery.'"  *United States v. Farrad*, No. 3:14-CR-110-TAV-DCP-1, 2018 WL 4939277, at *1 (E.D. Tenn. Aug. 29, 2018) (quoting *United States v. Turner*, No. 3:08-cr-141, 2016 WL 5887760, at *3 (S.D. Miss. Oct. 7, 2016)).  Because the instant defendant's June 2017 discovery motion was filed while his appeal of the denial of his § 2255 petition was still pending, the Court further observes that discovery in a § 2255 case may be authorized upon a showing of good cause.  *See* Rule 6(a), Rules Governing Section 2255 Proceedings.  Also, the "party requesting discovery must provide reasons for the request."  *See* Rule 6(b), Rules Governing Section 2255 Proceedings.  Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" that he is. . . entitled to relief[."  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286,

2

300 (1969)).[1]  Rule 6, however, does not permit "a fishing expedition masquerading as discovery."  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (§ 2254 petition).

As to the defendant's request for an attorney, there is no constitutional right to counsel in post-conviction proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings).  Even so, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require."  In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court.  *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

The present defendant does not approach satisfying the standards for discovery or appointment of counsel.  His requests are vague and wholly in the nature of a fishing expedition.  He wants to "prove my innocence," "pursue post-conviction motions and collateral attacks," and "challenge the evidence," but he does not specify what claims he wants to raise nor does he specify what legal authority would allow him to do so at this stage of his case.  The defendant has been sentenced.  He did not appeal that judgment.

---

[1] Although *Bracy* involved a § 2254 proceeding, "[p]recedents under § 2255 and under § 2254 may generally be used interchangeably."  *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016) (quoting 3 Charles Alan Wright *et al.*, Federal Practice and Procedure § 623 (4th ed. 2015)).

His section 2255 petition has been denied, as has his request for certificate of appealability from the appellate court.

In sum, the defendant's pending motions are unsupported and, at this stage of his case, are moot. Those motions [docs. 77, 79, 80, 81, 82] are accordingly **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____ s/ Leon Jordan _____
United States District Judge
